IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSE INTERIANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-0348-CV-W-ODS |
| | ) |
| DAVID DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY

Pending is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. After reviewing the Record and the parties' arguments, the Court concludes the Petition must be denied.

Petitioner was convicted by a jury on one count of statutory rape and sentenced to fifty-three years of imprisonment. Petitioner is a native of El Salvador and speaks minimal English; in the summer of 1998 he began living with JoAnn Umanzor, her daughter (age eleven), and her two sons (ages nine and ten). In December 1999, Petitioner was alleged to have begun having sexual intercourse with Umanzor's daughter; Petitioner denied this charge, essentially contending (1) the daughter fabricated the story as a means of avoiding household chores and (2) Umanzor went along with this fabrication because she wanted Petitioner out of the house so her new boyfriend could move in. Petitioner's conviction was affirmed on direct appeal.

Petitioner then commenced postconviction proceedings in state court with the filing of a pro se motion, asserting he was denied various constitutional rights "because he was not provided with an adequate or meaningful interpreter, and that movant was prejudiced because he could not understand the proceedings, communicate effectively with his attorney or effective[ly] participate in the process." Counsel was appointed and an Amended Motion was filed; the Amended Motion did not include the issue Petitioner raised in his pro se motion, although Petitioner presented some testimony about his inability to communicate with his attorney. His testimony focused on his inability to

understand what was taking place during the trial. In response to a question asking whether he was "speaking about the pretrial preparation," Petitioner said "Yes, and at the court, because I was never taken out to know what my rights were."

The trial court denied the Amended Motion without addressing the issue Petitioner originally raised. Petitioner then filed a pro se "Motion for Abandonment," contending his postconviction counsel abandoned him by failing to raise the issue he wanted raised. The motion was denied without a hearing. An appeal was filed, but the issue raised by Petitioner was neither presented in Petitioner's brief nor discussed in the Missouri Court of Appeals' opinion.

Petitioner initiated this case by filing a pro se Petition. The first ground for relief alleged he was unable to communicate with his attorney during and prior to trial due to lack of access to an interpreter. He also requested appointment of counsel, which was granted over Respondent's opposition. Petitioner's appointed counsel then filed an Amended Petition. The issue involving Petitioner's inability to understand his attorney and the proceedings appears as the first claim. The second claim contains a series of allegations of ineffective assistance of counsel; namely, (1) failing to advise him of his rights, (2) failing to explain the proceedings, (3) failing to move for a change of venue as requested, (4) failing to call witnesses identified by Petitioner, (5) excluding him from certain pretrial proceedings, (6) failing to challenge the venire's lack of Hispanic individuals as requested by Petitioner, and (7) failing to conduct requested follow-up questioning of venirepersons Petitioner indicated he knew even though the venirepersons indicated they did not.

Respondent contends the matters raised in Claim No. 2 are untimely because the Amended Petition was filed outside the limitation period described in 28 U.S.C. § 2244(d). However, a claim in an Amended Petition is not barred if it relates to claims timely asserted in the original Petition; that is, if the new claims arise from the same common core of operative facts. Mayle v. Felix, 125 S. Ct. 2562, 2570-72 (2005). The Court concludes this requirement has been met: it is alleged that Petitioner's inability to communicate effectively (as asserted in Claim No. 1) was prejudicial in the particulars identified in Claim No. 2.

2

Case 4:05-cv-00348-ODS   Document 22   Filed 04/10/06   Page 2 of 4

Respondent next contends Claim No. 1 – the primary claim – was procedurally defaulted. On this point the Court agrees. The operative pleading in the state postconviction proceeding was the Amended Motion filed by Petitioner's attorney. Issues raised in prior pleadings were abandoned unless raised in the Amended Motion. The trial court was not obligated to "go back" and consider issues raised in the pro se motion. Cf. Boyd v. Delo, 999 F.2d 1286, 1289 n.5 (8th Cir. 1993), cert. denied, 516 U.S. 876 (1995). The Court's conclusion might have been different had Petitioner continued to assert the issue before the Missouri Court of Appeals, Hall v. Luebbers, 296 F.3d 685, 695 (8th Cir. 2002), cert. denied, 538 U.S. 951 (2003); Clemmons v. Delo, 124 F.3d 944, 948-49 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998), but this is not what happened.

Having defaulted on his claim, Petitioner's claims can be considered only if he can demonstrate cause and prejudice to excuse the procedural default. Sawyer v. Whitley, 505 U.S. 333, 337-39 (1992). Petitioner intimates that his postconviction counsel was constitutionally ineffective for failing to raise the issue in the Amended Motion, but Petitioner had no constitutional right to counsel and, therefore, cannot claim his attorney was constitutionally ineffective. E.g., Lamp v. State of Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997). Petitioner also argues he was "abandoned" by his postconviction counsel. The concept of abandonment is a creation of state law, White v. Bowersox, 206 F.3d 776, 779-80 (8th Cir.), cert. denied, 531 U.S. 917 (2000) (citing Luleff v. State, 807 S.W.2d 495 (Mo. 1991) (en banc), and a federal court may not consider it in the first instance.[1] The Court concludes Petitioner's claims have been procedurally defaulted.

Finally, Petitioner must obtain a Certificate of Appealability in order to appeal. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."

---

[1] The issue in White was not whether the petitioner had been abandoned; that question had already been answered affirmatively by the Missouri Supreme Court. The question was whether the Missouri Supreme Court's limitation on the remedy for abandonment was an adequate state ground for barring habeas review. 206 F.3d at 781-82.

This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be granted with respect to the issues decided in this Order.

IT IS SO ORDERED.

DATE: April 10, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT